IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON E. KAUTZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security | : | NO. 19-384 |

O P I N I O N

JACOB P. HART                                                    DATE:   June 2, 2020
UNITED STATES MAGISTRATE JUDGE

Shannon Kautz brought this action under 42 U.S.C. § 405(g) to obtain review of the decision of the Commissioner of Social Security denying her claim for a Period of Disability and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the stay will be lifted in this case, and the matter remanded to the Agency for a new hearing before a constitutionally appointed Administrative Law Judge ("ALJ") other than the one who previously heard this case, as required by Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020).

I.      Factual and Procedural Background

Kautz was born in February, 1971. Record at 157. She had a college degree. Record at 199. She worked in the past as a nurse. Record at 200. On March 16, 2015, Kautz filed an application for benefits, alleging disability since September 7, 2013, on the basis of depression, anxiety, and panic attacks. Record at 157, 200. The ALJ later found her to suffer from the additional severe impairments of fibromyalgia, brain lesions, and obesity. Record at 32.

Kautz's application for benefits was denied on July 1, 2015. Record at 106. She then requested a hearing de novo before an Administrative Law Judge ("ALJ"). Record at 114. A hearing took place in this case on July 12, 2017. Record at 51. On August 11, 2017, the ALJ

issued a written decision denying benefits.  Record at 27.  The Appeals Council denied review,

permitting the decision of the ALJ to stand as the final decision of the Agency.  Record at 16.

Kautz then filed this action.

Kautz filed a brief on June 20, 2019.  In it, she raised several issues, among which was

the argument that the ALJ who decided her case had not been properly appointed in a manner

consistent with the Appointments Clause of the United States Constitution.  She argued that she

had not waived the issue by failing to raise it during the administrative proceedings.  Kautz

argued that the decision in her case was void, and that she was entitled to remand for a hearing

before a properly appointed Administrative Law Judge.  She cited Lucia v. SEC, 138 S. Ct. 2044

(2018), in which the United States Supreme Court had reached a ruling consistent with her

argument, regarding SEC administrative law judges.

The Commissioner responded to Kautz's brief.  Several weeks later, however, the

Commissioner filed a Motion for Stay, pending the disposition by the Court of Appeals for the

Third Circuit of two cases raising the issue of whether a failure to raise an Appointments Clause

challenge before the agency in a Social Security case resulted in the waiver of that claim.  The

cases were Bizarre v. Berryhill, 364 F. Supp.3d 418 (M.D. Pa. 2019) and Cirko v. Berryhill, Civ.

A. No. 17-680, 2019 WL 1014195 (M.D. Pa. Mar, 4, 2019).  This Motion to Stay was granted by

the undersigned on August 21, 2019.

On January 23, 2020, the Court of Appeals for the Third Circuit issued a decision in those

cases, which had been consolidated on appeal.  Cirko v. Commissioner of Social Security, 948

F.3d 148 (3d Cir. 2020).  The Third Circuit concluded that an Appointments Clause claim was

not forfeited by failure to raise it during administrative proceedings.  The Commissioner's

petition for a rehearing *en banc* was denied on March 26, 2020.

On May 29, 2020, the Commissioner filed a Status Report, notifying the court that he would not seek Supreme Court review of the decision of the Court of Appeals for the Third Circuit in <u>Cirko</u>.  The Commissioner also specified that he did not contest the application of <u>Cirko</u> to the case at hand.

III.   <u>Discussion and Recommendation</u>

Under <u>Cirko</u>, and because of the Commissioner's failure to contest the relevance of <u>Cirko</u> to this case, it is clear that Kautz is entitled to have the stay lifted, and to have her case remanded to the Social Security Agency for a new hearing before a constitutionally appointed ALJ other than the one who presided over her first hearing.  948 F.3d at 159-160.  Because the decision of the first ALJ is rendered a nullity by this determination, I will not address Kautz's  other claims. <u>See</u> <u>Robinson v. Saul</u>, Civ. A. No. 19-57, 2019 WL 4077643 at *1 (E.D. Pa. Aug. 28, 2019).

IV.   <u>Conclusion</u>

In accordance with the above discussion, I conclude that Kautz's Request for Review should be granted, and the matter remanded to the Agency for a new hearing before a constitutionally appointed ALL other than the one who previously heard her case.

BY THE COURT:

/s/ Jacob P. Hart

_____
JACOB P. HART
 UNITED STATES MAGISTRATE JUDGE